OPINION of the Court, by
Ch. J. Bibb.
To an action of assumpsit by the commonwealth against the administratrix and administrator of John Logan, the late treasurer, the defendants pleaded that they had fully administered, except as to the sum of 8572 dollars 99 cents ; that the intestate had executed two obligations, on the 7th of August, 1806, the one payable on or before the 7th of August, 1807, the other payable on or before the 7th of August, 1808 ; which obligations respectively amounted to certain sums in the plea expressed, and which obligations were yet in full force, &c.: that after retaining the amount of principal and interest due on said bonds, amounting to a sum certain, they have not in their hands assets to be administered, &c. except to the amount of 7296 dollars 15 cents, nor had they, &c. &c. : wherefore they pray judgment, if the commonwealth ought to have her action against them, except for the said last mentioned sum of 7296 dollars 15 cents. To this plea the attorney general, oa *530 behalf of the commonwealth, demurred, and the defen» dants joined in demurrer.
The circuit court sustained the plea ; to which judgment the attorney general prosecutes this writ of error.
It hath been adjudged, that if an action be brought on simple contract, the executor or administrator may plead a bond entered into by the testator or intestate, although that bond be not payable until after the time of the plea pleaded, and yet this shall be a good barr — . (Vide Guil. Bac. title ex’rs. and adm’rs. 3 vol. p. 81, and cases cited in the margin.) So that this question turns upon the claim of the right in the commonwealth to have her debt by simple contract, in preference to the debt by specialty, as pleaded by the representatives of the decedent. The attorney general hath not relied on any statute, or any constitutional provision, which asserts such a preference or priority as being the right of the state, and we know of none such. He has claimed for the commonwealth this right as an incidental prerogative, to the same extent as that claimed and exercised and conceded to the king of England. Whether such a prerogative belongs to the commonwealth, this case does not require us to decide. Executors and administrators, in administering the assets and paying the debts of the decedent, must observe the rules of priority. According to the order of priority, debts due the king by record, or by specialty, are placed in the second class ; debts due by specialty to o’ hers, in the fifth class - lastly, debts due by simple contract- — (Blac. Com. 2 vol. p. 511.) In Guil. Bac. 3 vol. p. 79, 80, the same doctrine is laid down with respect to debts for which the crown is to have the precedency in a course of administration ; for it is said debts due the king for sales of tin and other minerals, and woodsales, for which no specialty is given, are not to be preferred to the subject’s debt, due by record. To this is added a note, that if the king’s debt and that of the subject’s be both inferi- or to record, the king’s shall be preferred. But this we understand to be so with this qualification, that both debts are otherwise of equal dignity in the course of administration. It is no where adjudged that debts due the king by simple contract are to he preferred to debts due the subject by specialty. But (in the same book, p. 80, for which is cited Went off. exrs. 133-4,) *531 it is said that debts accruing- to the king by attainder or outlawry, “ before office found,” and arrearages of rent, are to be considered as debts by simple contract. Debts by simple contract are of inferior dignity, and therefore not to be preferred to specialties. This leads to a remark upon the note in Bacon above alluded to, wherein it would seem to be implied that a debt due the king by simple contract would, by virtue of his prerogative, take the precedence of a debt due the subject by specialty : for the support of this dictum the annotator refers to title prerogative. The rule referred to under this head is, “ that it is an established principle in law, that where the king’s right and that of the subject meet at one and the same time, the king’s shall be preferred.” The expressions “ at one and the same time” shew that this doctrine has no allusion to the priority in a course of administration ; and the cases referred to in the margin, and the examples afterwards given, also shew it.
So that upon the supposition that this case depended upon the prerogative right of the commonwealth established to the same extent as that of the king’s, yet the debt by specialty as pleaded, must have preference of the debt by simple contract as declared for.
Judgment affirmed.